UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL COBB, | ) | |
| | ) | |
| Plaintiff, | ) | 2:24-CV-00177-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONAL CEMETARY | ) | |
| ADMINISTRATION, et al., | ) | |
| | ) | |
| Defendants. | | |

**ORDER**

The issue before the Court is whether the above captioned matter should be dismissed for Plaintiff's failure to prosecute and for failure to follow the Court's orders. *See* [Doc. 14, Order to Show Cause, pg. 1]; Fed. R. Civ. P. 4(m) (requiring plaintiff to serve defendant within 90 days after a complaint is filed). Because Plaintiff has failed to properly serve Defendants within the time prescribed by Fed. R. Civ. P. 4(m), even after the Court extended the time in which to do so, this case is **DISMISSED WITHOUT PREJUDICE**. Plaintiff's "motion to dismiss" [Doc. 20] is **DENIED AS MOOT**.

**I.    BACKGROUND**

Plaintiff, acting pro se, most recently filed what is titled a "Motion to Dismiss" [Doc. 20]; however, from the text of the motion, the Court construes it to be a second motion to stay pending an appeal before the U.S. Equal Employment Opportunity Commission ("EEOC") [see Doc. 18] and a motion to appoint counsel.[1] Despite the Court extending the time for Plaintiff to effectuate

---

[1]    In his latest filing, Plaintiff styles his pleading as a "motion to dismiss" but then asks the Court to "let[] the EEOC case … properly render a verdict" and asks "to receive legal representation." [Doc. 20].

service to May 9, 2025, [Doc. 17], he still has not made any effort to comply with the Court's order.

This action was commenced on September 19, 2024, when Plaintiff filed a complaint against the National Cemetery Administration, the Department of Veterans Employee and Labor Relations Specialist Affairs, other federal agencies, and several federal employees in their individual capacities [Doc. 1]. Fed. R. Civ. P. 4(m) gave Plaintiff 90 days to properly serve Defendants in this case. Because he was suing employees of the United States in their individual capacities for an act or omission occurring in connection with duties performed on behalf of the United States, Fed. R. Civ. P. 4(i)(3) required Plaintiff to serve not only the employee but also the United States as provided for under Fed. R. Civ. P. 4(i)(1).

On December 10, 2024, Plaintiff filed proof of service for the federal employees but did not serve the United States as required by Rule 4(i)(3). [Docs. 7–13]. Part service is still no service. On March 11, 2025, the Court ordered Plaintiff to show cause why the claims against the remaining defendants should not be dismissed for failure to prosecute due to the failure to effect service within the time allowed by Rule 4(m) and why Plaintiff had not taken action toward obtaining Clerk's Entry of Default under Rule 55(a) as to the Defendants that had been served. Fed. R. Civ. P. 4(m), 55(a); [Doc. 14]. The United States then filed a notice stating that the individual Defendants for which Plaintiff filed proof of service [Docs. 7–13] had not been properly served as Plaintiff had not served *both* the individual employees and the United States as required by Rule 4(i)(3). [Doc. 15].

Plaintiff responded to the Court's show cause Order on March 24, 2025, and requested an extension of time to serve properly all Defendants. [Doc. 16]. The Court granted Plaintiff's

request and gave Plaintiff an additional 45 days from the date of the Order to file proof of service on the record in deference to his pro-se status. [Doc. 19]. That time expired on May 9, 2025. *Id.*

The Court has waited an additional week since the deadline expired before filing this Order in consideration of Plaintiff's pro se status, but Plaintiff has failed to file proof of service. In fact, instead of filing the required proof of service, on May 6, 2025, Plaintiff filed a motion to stay the case pending resolution of the EEOC matter. [Doc. 18]. The Court denied Plaintiff's first motion to stay. [Doc. 19].

On May 9, 2025, the date service of process was due, Plaintiff filed a "motion to dismiss" the case, or in the Court's interpretation of Plaintiff's filing, a second motion to stay pending resolution of the EEOC matter and for the appointment of counsel. [Doc. 20]. Given Plaintiff still has not filed proof of service of Defendants, Plaintiff's second motion to stay [Doc. 20] is **DENIED** for the reason's detailed in the Court's May 8, 2025 Order [Doc. 19].

The Court warned Plaintiff, in its March 25, 2025 Order, [Doc. 17] and recently reiterated in its May 8, 2025 Order [Doc. 19], that failure to properly serve Defendants and comply with the Order would result in dismissal of Plaintiff's claims against all Defendants. [Doc. 17, pg. 2; Doc. 19, pg. 1]; *see Gardner v. United States*, No. 97-5469, 1999 WL 232693, at *2 (6th Cir. Apr. 15, 1999) ("[A] court may properly dismiss a pro se litigant's case for failure to comply with the court's order where the court puts the pro se party on notice that failure to comply will result in dismissal."). Plaintiff failed to comply with the Court's Order and failed to provide any evidence of further action to effectuate service of Defendants. Because Plaintiff has not properly served Defendants in this action, Rule 4(m) requires dismissal.

## II. CONCLUSION

For these reasons, this action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute. Plaintiff's "motion to dismiss" [Doc. 20] in which he requests another stay and for appointment of counsel are **DENIED AS MOOT**.[2] The Clerk is directed to close the case.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge

---

[2] If the Court were to consider Plaintiff's request, however, an indigent plaintiff in a civil action, unlike a criminal defendant, has no constitutional right to the appointment of counsel; rather, the appointment of counsel in such cases is a privilege "justified only in exceptional circumstances." *Miles v. Mich. Dep't of Corr.*, No. 19-2218, 2020 WL 6121438, at *4 (6th Cir. Aug. 20, 2020) (citing *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Lavado v. Keohane*, 992 F.2d 601, 606-07 (6th Cir. 1993)). Plaintiff's challenges regarding his lack of legal knowledge and inability to afford counsel are common to many pro se plaintiffs and as such, at this stage of the proceedings, there are no exceptional circumstances in this case and the appointment of counsel is not warranted.